UNITED STATED DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CRIMINAL ACTION NO. 3:16CR-00004-JHM

UNITED STATES OF AMERICA                                              PLAINTIFF

V.

BRANDEN C. MARSHALL                                                   DEFENDANT

## ORDER

This matter is before the Court on a motion by Defendant, Branden C. Marshall, for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) [DN 90]. Fully briefed, this matter is ripe for decision.

### I. BACKGROUND

On January 6, 2016, Marshall was named in a six-count indictment filed in the Western District of Kentucky. On September 14, 2016, Marshall entered a guilty plea to one count of conspiracy to possess with intent to distribute 500 grams or more of methamphetamine; one count of possession with intent to distribute 500 or more of methamphetamine; two counts of possession with intent to distribute a detectable amount of methamphetamine; and one count of possession with intent to distribute 50 grams or more of methamphetamine. On March 28, 2017, the Court sentenced Marshall to 135 months imprisonment and a term of 5 years supervised release.

Marshall requested compassionate release from FMC Lexington Warden Francisco Quintana on July 29, 2019. On September 3, 2019, Marshall filed this current motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). At the direction of the Court, the United States Probation Office submitted a preliminary investigation report [DN 92]. The parties filed a response and a reply. [DN 93, DN 94]. The United States maintains that a FMC Lexington

legal department representative indicated that Marshall's request was denied on August 26, 2019.

Marshall argues that the extraordinary and compelling reasons for which he seeks relief pertain to his grandfather's declining health and diagnosis of leukemia in May of 2019. According to Marshall, his grandfather is 70 years old, experiences numbness in both arms, has seven bulging discs, has tumor at the bottom of his brain stem, continually has to be placed in the hospital, and must see his doctors in Louisville, Kentucky, two to three times a week. Marshall represents that his grandfather is no longer able to drive and can no longer care for himself at home. Marshall seeks to be released to home confinement for the remainder of his unserved sentence in order to serve as his grandfather's primary caregiver. The United States objects to Marshall's compassionate release request arguing that Marshall fails to satisfy any of the requirements of compassionate release.

## II. DISCUSSION

In 2018, Congress passed the First Step Act which, among other things, amended 18 U.S.C. § 3582(c)(1)(A) to permit courts to "consider motions by defendants for compassionate release without a motion" by the Bureau of Prisons ("BOP") Director "so long as the defendant has asked the Director to bring such a motion and the Director fails or refuses." United States v. Beck, No. 1:13-CR-186-6, 2019 WL 2716505, at *5 (M.D.N.C. June 28, 2019). The compassionate relief analysis under the §3582(c) requires the Court to examine the following factors in determining whether the proposed sentence reduction is warranted: "(1) 'extraordinary and compelling reasons;' (2) 'applicable policy statements issued by the Sentencing Commission[;]' and (3) 'the factors set forth in [18 U.S.C. §] 3553(a).'" United States v. Willis, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019)(quoting 18 U.S.C. § 3582(c)(1)(A)(i)). See also United States v. Adams, No. 6:94CR302, 2019 WL 3751745, *4 (M.D. N.C. Aug. 8, 2019) (an initial finding of extraordinary

and compelling circumstances is further evaluated by the applicable policy statements in United States Sentencing Guidelines § 1B1.13 and the factors set forth in 18 U.S.C. § 3553(a)). See also Bureau of Prisons Compassionate Release/Reduction in Sentence Policy Statement 5050.50 (outlining similar factors that should be considered by the BOP for reduction in sentence requests).

**A. Extraordinary and Compelling Reasons**

    **1. Medical Impairments**

The Sentencing Commission describes two categories that would qualify as extraordinary and compelling reasons for a sentence reduction for medical impairments:

> The first category applies to prisoners 65 or older who have served at least 10 years (or 75%) of their sentence and are experiencing "serious deterioration . . . because of the aging process." U.S.S.G. § 1B1.13, app. note. The second category . . . applies to younger prisoners "suffering from a terminal illness" or "a serious . . . medical condition that substantially diminishes the ability . . . to provide self-care within the environment of the correctional facility." Id.

Willis, 382 F. Supp. 3d at 1187-1188 (quoting U.S.S.G. § 1B1.13 Application Notes 1(A) and (B)). Marshall, who is 30 years old, seeks compassionate release not because of his own medical conditions or deterioration from the aging process, but instead because of the declining health of his grandfather. For this reason, the Court finds that Marshall has not shown that his medical conditions meet the criteria for extraordinary and compelling reasons.

    **2. Family Circumstances**

The Sentencing Commission describes two categories that would qualify as extraordinary and compelling reasons for a sentence reduction for family circumstances of a defendant:

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. §1B1.13 n.1(C). Here, Marshall seeks compassionate release for the declining health of his grandfather—not Marshall's spouse, registered partner, or caregiver of his minor children. For this reason, the Court finds that Marshall has not shown that he has met the criteria for a sentence reduction for family circumstances under subdivision (C).

### 3. Catch-All Provision

In his reply, Marshall recognizes that his circumstances do not involve any of the specific reasons described by the United States Sentencing Guidelines in Application Note 1 subdivision (A) – (C). Marshall argues that the catch-all provision, found in subdivision (D) of Application Note 1 of U.S.S.G. § 1B1.13,[1] grants the Court wide-latitude in determining what factor, or combination of factors, support a § 3582(c)(1) sentence reduction. Subdivision D acknowledges that there may be other situations which constitute extraordinary and compelling reasons and provides a non-specific blanket authorization for early release, labeled "Other Reasons." U.S.S.G. §1B1.13 n.1.

Applying the requirements of the family circumstance category in evaluating whether the declining health of Marshall's grandfather qualifies as an extraordinary and compelling reason for a sentence reduction, the Court concludes that Marshall has not met the criteria for extraordinary and compelling reasons under the catch-all provision. The pleadings reflect that Marshall's grandfather, Joseph Sepulvado, was recently diagnosed with leukemia which requires radiation and has a blockage of the neck that requires surgery. He has numerous doctor appointments in

---

[1] This note provides "(D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. §1B1.13 n.1. Courts currently disagree on whether Section D is restricted to a finding by the BOP. See United States v. Shields, 2019 WL 2359231, *4 (N.D. Cal. June 4, 2019); United States v. Cantu, 2019 WL 2498923, *3 (S.D. Tex. June 17, 2019); United States v. Fox, 2019 WL 3046086, *3 (D. Me. July 11, 2019).

Louisville.  Mr. Sepulvado reported to the United States Probation Office that he needs assistance with basic needs as he cannot button his shirts or change a light bulb anymore.  [DN 92 at 2].  Marshall's mother, Missy Sepulvado, represents that she and her siblings are spending a great deal of time taking her father to Louisville and Nelson County for doctor appointments.  She is concerned that she and her siblings may lose their employment due to the constant appointments.  [Id.].

Despite these representations, the Court finds that Mr. Sepulvado's medical condition does not meet the criteria for extraordinary and compelling reasons.  Marshall fails to provide evidence that Mr. Sepulvado is incapacitated, i.e. that he cannot carry on any self-care.[2]  Additionally, the evidence does not reflect that Marshall is the only available caregiver for Mr. Sepulvado.  See United States v. Nevers, No. CR 16-88, 2019 WL 7281929, at *6 (E.D. La. Dec. 27, 2019) (denial of compassionate release because there was no indication petitioner was the only potential caregiver for her mother); United States v. Bucci, No. CR 04-10194-WGY, 2019 WL 5075964, at *2 (D. Mass. Sept. 16, 2019) ("When a defendant is the 'only available caregiver' for an incapacitated parent (perhaps a more unique occurrence given that inmates may have siblings or other family members able to care for their parents), then, it is likewise an 'extraordinary and compelling' reason warranting compassionate release."); but see United States v. Ingram, No. 2:14-cr-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) (denying compassionate release to defendant to care for ill mother because "[m]any, if not all inmates, have aging and sick parents").  The record reveals that Mr. Sepulvado's children are currently providing care for him.  In fact,

---

[2] The BOP Program Statement 5050.50 defines "incapacitation" to mean that the person has: (1) "[s]uffered a serious injury, or a debilitating physical illness and the result of the injury or illness is that the spouse or registered partner is completely disabled, meaning that the spouse or registered partner cannot carry on any self-care and is totally confined to a bed or chair; or (2) "[a] severe cognitive deficit (e.g., Alzheimer's disease or traumatic brain injury that has severely affected the spouse's or registered partner's mental capacity or function), but may not be confined to a bed or chair."  BOP Program Statement 5050.50 at p. 10.  Merriam Webster defines "incapacitate" as "to make legally incapable or ineligible" or "to deprive of capacity or natural power."

5

many families have to take time off from work to care for an aging parent. Mr. Sepulvado's failing health coupled with Marshall's family's desire to have him home to care for him do not meet the criteria for extraordinary and compelling reasons.

In addition to his grandfather's deteriorating health, Marshall contends that a reduction in sentence is warranted because he is currently in the lowest custody level with the BOP, has not been cited for any infractions since being detained within the BOP, has completed various vocational and rehabilitation programs, has received various job opportunities, and has a desire to aid his terminally ill grandfather both emotionally and financially. These items listed by Marshall do not impact whether extraordinary and compelling reasons exist to support a § 3582(c)(1) sentence reduction; instead, these items are related more to the applicable policy statements issued by the Sentencing Commission and the factors set forth in 18 U.S.C. § 3553(a). Willis, 382 F. Supp. 3d at 1187 (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

It is unfortunate that Marshall's grandfather is experiencing a deterioration in his health and that his family is being called upon to offer additional care for his grandfather. However, these facts do not support extraordinary and compelling reasons for a sentence reduction for Marshall. Examining Marshall's arguments, the Court determines that he has not established grounds for a reduction in his sentence based on the catch-all provision.

**B. Other Factors**

Accordingly, because the Court has determined that there are no extraordinary and compelling reasons warranting a reduction in Marshall's sentence, see 18 U.S.C. § 3582(c)(1)(A)(i), there is no need to assess the applicable policy statements in United States Sentencing Guidelines § 1B1.13 or the sentencing factors set forth in 18 U.S.C. § 3553(a) according to which an initial finding of extraordinary and compelling circumstances would

6

necessarily be further evaluated.  See, e.g., United States v. Adams, 2019 WL 3751745, at *4 (M.D.N.C. Aug. 8, 2019).

### III.  CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's motion for reduction in sentence and compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [DN 90] is **DENIED.**

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

January 9, 2020

cc: counsel of record
Branden Marshall, *pro se*
U.S. Probation